HOPE HESS THORSEN et al., Appellees, v. MRS. L. M. LONG, Appellant.

No. 40917.

JUNE 20, 1931.

E. C. Heaton, for appellant.

J. M. Haddock, for appellee.

MORLING, J.—C. C. Hess was the owner of the land in controversy. On June 30, 1904, he conveyed it in two separate tracts by several deeds to his children. The deed of one tract reads:

"That I, C. C. Hess, * * * in consideration of love and affection do hereby convey to the persons hereinafter named

and upon the terms and conditions hereinafter named the following described real estate situated * * * I convey to my daughter Hope Hess, an estate for life or for years in the above described real estate, subject to the express conditions that she shall not sell or encumber her estate by her voluntary act, nor shall she do any act by which her estate may be divested by any legal process; and upon the happening of any event, as an attempt on her part to sell or encumber her estate, or the seizure of her estate under execution or attachment, or other legal process, or the advertisement for sale of the above land for the non-payment of taxes or assessments, then the rights, interest and estate of Hope Hess shall be forfeited and be at an end, and the above real estate shall then pass to the persons hereinafter named, with title as hereinafter set forth. If my daughter Hope Hess, shall not do any act, or suffer anything to be done, that will work a forfeiture of her estate, as above provided, she is to have the full use and enjoyment of said land during the term of her natural life, and upon her death, the above real estate shall pass to the persons hereinafter named, with title as hereinafter stated. If at the time of the termination of the estate of Hope Hess, either by death or forfeiture, she have issue, the fee simple title to said real estate shall pass to and vest in the issue of said Hope Hess, meaning and intending that the descendants of any child that may be dead shall take the share that would have fallen to the parent if living; but if Hope Hess shall be without issue at the termination of her estate, the fee simple title to the above real estate shall vest in my four children Francis E. Hess, Arthur L. Hess, Ethel Graff and Florence Hess in equal shares, or to the survivor or survivors of them, unless any of the four persons last above named shall have died prior to the termination of the estate leaving issue, in which case the share that would have gone to the deceased shall vest in the issue of such deceased. In addition to the above I hereby grant to the said Hope Hess the right to cut and remove the timber from the following described real estate, to wit, (describing another tract) * * * Said right is granted to Hope Hess so long as her estate shall continue in land first above described, and this right shall terminate with the termination of her estate in said land. * * *"

The other tract was conveyed by a deed in identical terms

except that in it the names of Florence and Hope are reversed. On March 21, 1913, Francis E. Hess, Arthur L. Hess, Ethel Graff and Florence Hess conveyed to Hope the tract of which Hope was given the use by deed with covenants of warranty "against all persons claiming by, through or under us and against any claim that we might hereafter make from any title that may hereafter vest in us intending to convey all present interest that we may now have and any interest that may hereafter vest in us." The like deed was made by Francis, Arthur, Ethel and Hope to Florence of the tract of which Florence was given the use. The latter tract was sold for delinquent taxes on December 4, 1916, and tax certificate issued from which Florence made redemption January 10, 1917. On March 10, 1930, Hope executed to W. E. Crum, Jr., her note secured by mortgage on her tract for $50 and Florence executed a like note and mortgage on her tract. Both mortgages are still unpaid and unreleased. Both tracts were advertised for sale for nonpayment of taxes for 1929 and sold therefor December 1, 1930, and tax sale certificates issued which are still outstanding. No children have been born to either Florence or Hope. Francis, Arthur, Ethel, Florence, and Hope are all living. On June 27, 1930, Hope and Florence contracted with defendant to convey their respective tracts to defendant by good and sufficient warranty deeds "conveying to and vesting in the second party a title in fee simple to said land subject to the leases hereinafter referred to and the taxes on said premises and a mortgage" on each tract for $50.00 to W. E. Crum, Jr., dated March 10, 1930. This suit is brought to compel defendant to accept plaintiffs' title and pay the purchase price under that contract. Defendant's contentions are that the estate held by the four brothers and sisters of Florence and Hope respectively at the time of the conveyances by them March 21, 1913, "were but contingent remainders and they could dispose of no greater estate than they possessed. The holders of the particular estates by purchasing the deeds from the four brothers and sisters did not merge the estates for life or years and the contingent remainders so as to form a fee simple estate but they held them subject to all the original contingencies. The various acts of forfeiture did not merge the estates as all of these acts, saving one, were committed subsequent to the passage by the Iowa

Legislature of Statute 10048 of the Code.of 1927, which provides that no expectant estate shall be defeated or barred by an alienation or other act. of .the owner of the precedent estate, or by the destruction of such precedent estate by disseizin, forfeiture, surrender, or merger.''

We deem it unnecessary to follow counsel in their elaborate arguments as to the nature of the estates granted by the deeds of C. C. Hess. C. C. Hess was the owner of the land. The conveyances by him were of his entire estate in it. On the execution of the deeds no reversion remained in him. By these deeds he was making gifts to his children. It was exclusively for him to determine the extent and limitations of the interests which he was giving and the conditions of the gift. He might make the granted estate terminable by the conveyance of the grantee or by such acts or omissions as he in the exercise of either good judgment or caprice might prescribe. He selected the language of the deeds. The language is clear and unambiguous. His purpose was to give to his daughter Hope personally the use of one tract and to his daughter Florence personally the use of another tract so long as they should respectively take care to preserve the use for themselves and not subject such personal enjoyment to liability to loss. He purposed to withhold from the daughters the power to sell or encumber such use, to withhold the use from liability to legal process, to protect the land from liability to tax sale arising from the default of the daughters in paying taxes. He made.it plain that while the estate granted to the daughters might be for life if the conditions were observed the estate granted was ''an estate for life or for years'' depending on the observance of the conditions. Failure to observe the conditions of itself terminated the estate—''upon the happening of any event as an attempt on her part to sell * * * or the seizure * * * or the advertisement for sale * * * then the right, interest and estate of Florence (or Hope) Hess shall be forfeited and be at an end and the above real estate shall then pass to the persons hereinafter named with title as hereinafter set forth.'' If the daughter should do or suffer nothing ''that will work a forfeiture of her estate as above provided she is to. have the full use and enjoyment of said land during the term of her natural life * * * if at the time of the termination of the estate of Hope Hess, either

by death or forfeiture she shall have issue, the fee simple title to said real estate shall pass to and vest in the issue of said Hope Hess * * * but if Hope Hess shall be without issue at the termination of her estate the fee simple title to the above estate shall vest in my four children * * * in equal shares or to the survivor or survivors of them, unless any of the four * * * shall have died prior to the termination of the estate leaving issue, * * * said right (to cut timber) is granted to Hope so long as her estate shall continue * * * and this right shall terminate with the termination of her estate in said land."

The word "forfeit" has various shades of meaning depending on the context. Abstractly and generally it connotes the concept of "loss". The context here is "shall be forfeited and be at an end and the above real estate shall then pass * * *" The grantor laid down the conditions as "express" that the daughters should not do or suffer the specified acts or omissions. These are specified in the alternative. If one is committed or suffered then the daughters' "rights, interest and estate * * * shall be forfeited and be at an end and the above real estate shall then pass to the persons hereinafter named * * * If at the time of the termination of the estate * * * either by death or forfeiture she have issue the fee simple title to said real estate shall pass to and vest in the issue * * * but if * * * without issue at the termination of her estate the fee simple title to the above real estate shall vest in my four children Francis * * *" Time of the breach of the condition is expressly made the time of termination of the estate by "forfeiture," and the time of the termination of the estate is expressly made the time for ascertaining the presence or absence of issue and if issue is absent the time of the vesting of the fee simple title in the grantor's other children. The estate of the daughter was determined *ipso facto* by the occurrence of the prescribed act or omission without any act on the part of the grantor or his heirs or anyone else. The conveyance was upon conditional limitation on the occurrence of which the estate in fee passed to the persons then in being having the next expectant interest without entry or claim. Brattle Square Church v. Grant, 3 Gray (Mass.) 142, 63 Am. Dec. 725. By the advertisement for sale for nonpayment of taxes and by the encumbrances and by the attempt to sell and convey, the estates of Hope and Florence in their

respective tracts terminated by limitation. The precedent estate ceased to exist. Hope and Florence were then (and are still) without issue. Though Hope and Florence no longer had the precedent estate they respectively had the fee simple title under their respective deeds from the other children for such deeds conveyed not only the title possessed by the grantors at the time they were made but any interest that they might thereafter have, as authorized by Code, 1927, Sections 10042, 10043. Hope and Florence had no issue in whom the remainder could vest. With the expiration of the particular estate the remainder vested in possession of the remaindermen then having the capacity to take or their grantees. There was, therefore, no expectant estate in the issue of the daughters to be defeated or barred and no precedent estate to be destroyed. Hence Section 10048, Code, 1927, is without application. See, also, Hess v. Kernen Bros., 169 Iowa 646; Atchison v. Francis, 182 Iowa 36.—Affirmed.

FAVILLE, C. J., and EVANS, STEVENS, ALBERT, KINDIG, WAGNER, and GRIMM, JJ.,concur.